IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EL PASO NATURAL GAS COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 07-cv-00905 (RJL) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**UNITED STATES' MOTION TO DISMISS FOR IMPROPER VENUE,
OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants United States of America, United States Department of Energy and its Secretary, the Honorable Samuel W. Bodman, the United States Nuclear Regulatory Commission, the United States Environmental Protection Agency and its Administrator, the Honorable Stephen L. Johnson, the United States Department of the Interior and its Secretary, the Honorable Dick Kempthorne, the Bureau of Indian Affairs, the United States Department of Health and Human Services and its Secretary, the Honorable Michael O. Leavitt, the Indian Health Service, the United States Department of Defense and its Secretary, the Honorable Robert Gates (collectively "Federal Defendants") hereby move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

As discussed in the accompanying memorandum, Plaintiff El Paso Natural Gas Company ("EPNG") brings claims relating to a former uranium mill in Tuba City, Arizona. EPNG, *inter alia,* brings claims for relief pursuant to subsections (a)(1)(A) and (a)(1)(B) of the citizen suit

provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A) & (B). *See* Amended Complaint, Second Claim for Relief, ¶¶ 103-112. Pursuant to the applicable RCRA venue provision, 42 U.S.C. § 6972(a), these claims must be brought in the United States District Court for the District of Arizona. The doctrine of pendent venue is not applicable because where claims are governed by a special venue statute such as RCRA, courts are compelled to abide by the restrictions in the special venue statute. Even if this Court were a proper venue, public and private interest considerations would still strongly favor transfer of the case to the District of Arizona pursuant to 28 U.S.C. § 1404(a).

Accordingly, Plaintiff's Amended Complaint should either be dismissed or transferred to the United States District Court for the District of Arizona.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources
       Division
U.S. Department of Justice


_____/s/_____
ERIC G. HOSTETLER, Attorney
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C. 20026-3986
(202) 305-2326

July 27, 2007.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EL PASO NATURAL GAS COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 07-cv-00905 (RJL) |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS FOR IMPROPER VENUE,
OR, IN THE ALTERNATIVE, TO TRANSFER**

**INTRODUCTION**

This suit has been brought in an improper venue, and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), the Amended Complaint should either be dismissed or transferred to the United States District Court for the District of Arizona. Alternatively, the Amended Complaint should be transferred to Arizona pursuant to 28 U.S.C. § 1404(a).

Plaintiff El Paso Natural Gas Company ("EPNG") brings claims for relief relating to a former uranium mill in Tuba City, Arizona that was operated by EPNG between approximately 1955 and 1966. EPNG brings three claims pursuant to the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, including: (1) a claim against Federal Defendants under subsection (a)(1)(A) of the citizen suit provision, 42 U.S.C. § 6972(a)(1)(A), (2) a claim against Federal Defendants pursuant to subsection (a)(1)(B) of the citizen suit provision, 42 U.S.C. § 6972(a)(1)(B), and (3) a claim against the United States Environmental Protection Agency ("EPA") under subsection (a)(2) of the citizen suit provision,

42 U.S.C. § 6972(a)(2). In its subsection (a)(1)(A) claim, EPNG alleges that Federal Defendants treated, stored, or disposed of waste in areas near the former uranium mill in violation of RCRA requirements. *See* Amended Complaint ¶¶ 105-09. In its subsection (a)(1)(B) claim, EPNG alleges that Federal Defendants have contributed to an alleged imminent and substantial endangerment to health or the environment at areas near the former uranium mill. *See* Amended Complaint ¶ 110.

Pursuant to the applicable RCRA venue provision, 42 U.S.C. § 6972(a), EPNG's subsection (a)(1)(A) and (a)(1)(B) claims must be brought in the United States District Court for the District of Arizona. The applicable RCRA venue provision specifies that actions brought under subsections (a)(1)(A) or (a)(1)(B) "*shall* be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur." *Id.* (emphasis added). Here, the alleged violations occurred in Arizona, and the alleged endangerment is occurring in Arizona.

EPNG additionally brings a claim under the Administrative Procedure Act ("APA") challenging an alleged Department of Energy ("DOE") action concerning the designation of areas under the Uranium Mill Tailings Radiation Control Act ("UMTRCA"). *See* Amended Complaint, First Claim for Relief ¶¶ 88-102. Although this APA claim is subject to the general venue statute at 28 U.S.C. § 1391(e)(1) and might otherwise have been heard in this Court, this Court has made clear that where claims subject to the general venue statute are combined with claims subject to a special venue statute, the specific Congressional limitations on venue set forth in the special venue statute are controlling. *See* discussion and citations at 12-15, *infra*. Thus, EPNG cannot circumvent the limitations on venue in RCRA by combining these claims with an

2

APA claim.

Furthermore, even if venue were otherwise proper in this Court, the case would still warrant transfer pursuant to 28 U.S.C. § 1404(a) because public and private interests strongly favor resolution of all of EPNG's claims in the United States District Court for the District of Arizona. The interests of justice are promoted when a localized controversy is resolved in the region that it impacts. *See* discussion and citations at 12-13, *infra*. All of EPNG's claims relate to an alleged endangerment on Navajo and Hopi Pueblo Reservations in Arizona and directly affect tribal members and other people living in Arizona. In addition, the absence of compulsory process over a significant number of potential witnesses in Arizona favors transfer. [1]

## BACKGROUND

I.   STATUTORY BACKGROUND

   A.   The Resource Conservation and Recovery Act ("RCRA")

Congress enacted RCRA primarily "to reduce the generation of hazardous waste and to ensure the proper treatment, storage and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment.'" *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996) (*quoting* 42 U.S.C. § 6902(b)). To accomplish these goals, RCRA Subtitle C, 42 U.S.C. §§ 6921-6939e, establishes a "cradle to grave" regulatory scheme for certain "hazardous" wastes. *United Technologies Corp. v. EPA*, 821 F.2d 714, 716 (D.C. Cir. 1987). For example, among other RCRA requirements, owners and

---

[1] While not material to resolution of this motion, EPNG's claims are also subject to dismissal based on lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted. Thus, if the instant venue motion is denied or the case is transferred, Federal Defendants intend to file a motion to dismiss on other grounds.

3

operators of hazardous waste treatment, storage, and disposal facilities must comply with standards promulgated by the United States Environmental Protection Agency ("EPA") pursuant to RCRA section 3004, 42 U.S.C. § 6924 (*see* 40 C.F.R. Parts 264-265), and obtain permits pursuant to RCRA section 3005, 42 U.S.C. § 6925 (*see* 40 C.F.R. Part 270 & §§ 271.13 & 271.14).

RCRA section 7002(a) ("the RCRA citizen suit provision"), 42 U.S.C. § 6972(a), creates three causes of actions that citizens may pursue in federal court. The first cause of action under subsection 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), allows citizens to request a court to enforce certain RCRA requirements by bringing suit against persons, including governmental agencies, currently violating such requirements. The second cause of action created by the citizen suit provision is set forth in subsection 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B). The subsection 7002(a)(1)(B) cause of action does not involve enforcement of RCRA requirements, but it creates a cause of action for abatement of an imminent and substantial endangerment that may be presented by management of solid or hazardous waste. Citizen suits brought under either 42 U.S.C. § 7002(a)(1)(A) or (B) "shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur." 42 U.S.C. § 6972(a). No action may be commenced under subsection (a)(1)(A) or (a)(1)(B) unless pre-suit notice is provided to the State in which the alleged violation or alleged endangerment occurs. 42 U.S.C. § 6972(b)(1)(A)(ii) and (b)(2)(A)(ii).

The third cause of action created by the citizen suit provision is set forth in subsection 7002(a)(2), 42 U.S.C. § 6972(a)(2). Under RCRA section 7002(a)(2), citizens may file suit against the EPA Administrator where there is an alleged failure of the Administrator to perform

4

any nondiscretionary act or duty. Actions under subsection (a)(2) may be brought in the district court for the district in which the alleged violation occurred or the District of Columbia. 42 U.S.C. § 6972(a).

      **B.     The Uranium Mill Tailings Radiation Control Act ("UMTRCA")**

Congress enacted UMTRCA in 1978 to address a potential radiation health hazard to the public caused by uranium mill tailings located at active and inactive mill operations around the country. 42 U.S.C. § 7901(a). The Act provides, among other things, for a program of assessment and remedial action at certain inactive mill tailings sites in order to stabilize and control such tailings in a safe and environmentally sound manner and to minimize or eliminate radiation health hazards to the public. 42 U.S.C. § 7901(b). The Act grants the Department of Energy ("DOE") and its Secretary primary responsibility for carrying out this program. *See generally* 42 U.S.C. §§ 7912-7918.

Section 102(a)(1) of UMTRCA, 42 U.S.C. § 7912(a)(1), requires the Secretary of Energy to designate inactive uranium mill sites at or near twenty-two specifically-identified locations, including a site at Tuba City, Arizona, as "processing sites" requiring remedial action. Section 102(a)(2), 42 U.S.C. § 7912(a)(2), requires the Secretary to determine the boundaries of each "processing site" as part of his designation.[2] The designations made by the Secretary are not subject to judicial review. 42 U.S.C. § 7912(d). With the exception of authority to perform groundwater restoration activities, the authority of the Secretary to perform remedial activities

---

[2]  The Act defines the term "processing site" to include property "in the vicinity" of sites where all or substantially all uranium was produced for sale and which "is determined by the Secretary, in consultation with the [Nuclear Regulatory] Commission, to be contaminated with residual radioactive materials derived from such site." 42 U.S.C. § 7901(6).

under UMTRCA terminated on September 30, 1998.  42 U.S.C. § 7922(a).

    C.    **The Administrative Procedure Act ("APA")**

The Administrative Procedure Act ("APA") provides a waiver of sovereign immunity allowing judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704; *see* 5 U.S.C. § 702.  Review is not available when other "statutes preclude judicial review."  5 U.S.C. § 701(a)(1).

**II.    FACTUAL BACKGROUND**

EPNG operated a uranium processing mill at Tuba City, Arizona ("the Mill") under contract to the Atomic Energy Commission from 1956 to 1966, during which time the Mill processed thousands of tons of uranium ore.  Amended Complaint ¶ 27.[3]  EPNG alleges that prior to 1968 mill tailings and other uranium mill-related waste were disposed of by EPNG or by Federal Defendants at sites in the vicinity of the Mill, including the "Highway 160 Dump Site," and "the Tuba City Landfill."  *Id.* ¶ 54.  EPNG further alleges that since 1968 Federal Defendants have handled, managed, stored, disposed of, or transported solid or hazardous waste at the Highway 160 Dump Site, the Tuba City Landfill and other properties in the vicinity of the Mill.  *Id*. ¶¶ 80-81.  The Highway 160 Dump Site and the Tuba City Landfill are located on Navajo Nation and Hopi Pueblo Reservations.  *Id*. ¶ 1.  EPNG additionally alleges that DOE made a determination in 2004 not to designate the Highway 160 Dump Site, the Tuba City Landfill and other locations near the Mill as "vicinity properties" under UMTRCA.  *Id*. ¶ 70.

---

[3]  Federal Defendants do not concede that any of EPNG's allegations are true or correct.  This background summary of the allegations in the Amended Complaint is provided solely for the Court's convenience for purposes of evaluating Federal Defendants' motion to dismiss or transfer.

EPNG filed the instant lawsuit in May 2007, asserting claims for relief under the APA and RCRA. EPNG's APA claim challenges DOE's alleged determination in 2004 not to designate the Highway 160 Dump Site, the Tuba City Landfill and other locations in the vicinity of the Mill as "vicinity properties" under UMTRCA. Amended Complaint ¶¶ 88-102.

EPNG brings three claims under the RCRA citizen suit provision. First, EPNG bring a claim under 42 U.S.C. § 6972(a)(1)(A) alleging that Federal Defendants have violated RCRA requirements in connection with the handling, disposal, storage, treatment or transportation of materials in areas near the Mill. Amended Complaint ¶¶ 105-09. Second, EPNG brings a claim under 42 U.S.C. § 6972(a)(1)(B) alleging that Federal Defendants have contributed to or are contributing to the past or present handling, storage, treatment, transportation, or disposal of solid or hazardous waste at areas near the Mill which may present an imminent or substantial endangerment to health or the environment. *Id.* ¶ 110. Third, EPNG brings a claim under 42 U.S.C. § 6972(a)(2) alleging that EPA has failed to perform a nondiscretionary duty under 42 U.S.C. § 6927(c) to conduct an annual inspection of hazardous waste treatment, storage, and disposal facilities in the vicinity of the Mill. *Id.* ¶ 111.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant at the outset of litigation to move to dismiss a case that has been brought in an improper venue. *Mondaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). If the plaintiff's chosen forum is an improper venue under applicable law, then the court shall either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision regarding whether to dismiss an action brought in an improper venue or transfer it

7

rests within the court's sound discretion. *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 42-43 (D.D.C. 2003).

Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper. *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Furthermore, a plaintiff must establish venue for each cause of action. *Mondaressi v. Vedadi*, 441 F. Supp. 2d at 53.

Under the circumstance where some of multiple claims within a complaint are brought in an improper venue, then "[i]t is in the interest of justice to transfer the entire complaint rather than to have it heard in two different venues." *McCullough v. Bureau of Prisons*, No. 05-CV-374, 2006 WL 667166, at *3 (D.D.C. Mar. 15, 2006) (citation & quotation marks omitted). *See also Ridgely v. Chao*, No. Civ. A. 05-1033, 2006 WL 626919, at *4 (D.D.C. Mar. 13, 2006); *Saran v. Harvey*, No. Civ. A. 04-1847, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005); *Crenshaw v. Antokol*, 287 F. Supp. 2d at 42-43, 45.

Even where cases are brought in a proper venue, courts have authority to transfer the case pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision whether to transfer under 28 U.S.C. § 1404(a) also rests in the sound discretion of the district court and should be exercised in light of case specific circumstances, including the local interest in deciding local controversies at home, and the convenience of the parties' witnesses. *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 23-24 (D.D.C. 2002).

ARGUMENT

I.     EPNG's CLAIMS UNDER 42 U.S.C. §§ 6972(a)(1)(A) AND 6972(a)(1)(B) MAY BE BROUGHT ONLY IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

    A.     **The General Venue Statute Does Not Apply to EPNG's RCRA Claims.**

Generally, there are two types of federal venue statutes: special venue statutes and the general venue statute enacted at 28 U.S.C. § 1391. *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003). The general venue statute governs venue of claims brought in federal court against the United States except where venue is "otherwise provided by law." 28 U.S.C. § 1391(e).[4/] Special venue statutes are typically intended to control venue of claims brought under a specific statute and override the general venue statute. *Norkol/Fibercore, Inc.*, 279 F. Supp. 2d at 999.

To support venue in this Court, EPNG relies in part on the general venue provision at 28 U.S.C. § 1391. Amended Complaint ¶ 11. However, the general venue statute does not govern where venue is "otherwise provided by law." 28 U.S.C. § 1391. As relevant here, the general venue statute is inapplicable to EPNG's claims brought under the citizen suit provision of RCRA, 42 U.S.C. § 6972(a), because the RCRA citizen suit provision contains special venue restrictions. The RCRA citizen suit provision provides in pertinent part that:

    Any action under paragraph (a)(1) of this subsection *shall* be

---

[4/] The general venue provision provides in relevant part that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except *as otherwise provided by law*, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(e) (emphasis added).

> brought in the district court for the district in which the alleged
> violation occurred or the alleged endangerment may occur.

42 U.S.C. § 6972(a) (emphasis added).  Thus, the special venue provision *requires* that claims under (a)(1)(A) be brought in the district court for the district in which alleged violations occurred, and that claims under paragraph (a)(1)(B) be brought in the district court in which the alleged endangerment occurred.

### B. EPNG's RCRA Claims Have Been Brought in an Improper Venue.

In this case, EPNG brings claims under both 42 U.S.C. § 6972(a)(1)(A) & (B).  *See* Amended Complaint, Second Claim for Relief ¶¶ 103-110.  As discussed below EPNG's claims under both subsections (a)(1)(A) and (a)(1)(B) have been brought in an improper venue.

#### 1. EPNG's Endangerment Claim Under 42 U.S.C. § 6972(a)(1)(B) Has Been Brought in an Improper Venue.

In its claim under 42 U.S.C. § 6972(a)(1)(B), EPNG alleges that Federal Defendants "have contributed to or are contributing to the past or present handling, storage, treatment, transportation, or disposal of solid or hazardous waste at the Highway 160 Dump Site, the Tuba City Landfill and other Properties which may present an imminent or substantial endangerment to health or the environment." Amended Complaint ¶ 110.[5]  Accordingly, EPNG alleges potential endangerment to health or the environment at certain sites in Arizona, including sites located on Navajo Nation and Hopi Pueblo Reservations.  EPNG does not allege that there is any endangerment in the District of Columbia, which is located approximately 1,885 miles away

---

[5] EPNG apparently does not intend to allege claims under 42 U.S.C. § 6972(a)(1)(A) and (a)(1)(B) against EPA and NRC.  *Compare* Amended Complaint ¶¶ 104-10 (stating claim against "Defendants" without qualification) with Amended Complaint ¶¶ 18-19 (summarizing claims against EPA and NRC but failing to allege that EPA or NRC violated any RCRA provisions or contributed to any endangerment).

from Tuba City, Arizona.

Because the alleged endangerment is at sites in Arizona, EPNG's claim under 42 U.S.C. § 6972(a)(1)(B) may not be brought in this Court.

### 2. EPNG's RCRA Violation Claim Under 42 U.S.C. § 6972(a)(1)(A) Has Been Brought in an Improper Venue

In its claims under 42 U.S.C. § 6972(a)(1)(A), EPNG alleges that Federal Defendants have handled, disposed of, stored, treated or transported hazardous waste at various locations in the vicinity of the Mill in violation of various RCRA requirements. Amended Complaint ¶¶105-106. Accordingly, EPNG alleges violations of RCRA requirements at locations in Arizona near the Mill. Pursuant to the special venue provision at 42 U.S.C. § 6972(a), these claims can only be brought in the United States District Court for the District of Arizona.

EPNG does not allege that Federal Defendants handled, disposed of, stored, treated or transported hazardous or solid waste in Washington D.C. Nonetheless, in its Amended Complaint, in an effort to support venue in this Court, EPNG alleges for the first time that certain alleged violations occurred in the District of Columbia, including, according to EPNG, "Defendants' failure to file a permit application, to have a permit, and to maintain financial assurance." Amended Complaint ¶ 11.[6] In fact, these alleged violations specified in the Amended Complaint, like other violations alleged by EPNG, occurred in Arizona, as each of these alleged violations turns on Federal Defendants' alleged conduct treating, storing, and disposing of waste at locations in Arizona without meeting requirements applicable to such

---

[6] EPA's regulations require that an owner or operator of each hazardous waste treatment, storage, or disposal facility establish financial assurance for closure of the facility. 40 C.F.R. §§ 264.143 and 265.143. The federal government is exempt from financial assurance requirements. 40 C.F.R.§§ 264.140(c) and 265.140(c).

11

handling of waste.

Underscoring the fact that all of the RCRA violations alleged by EPNG occurred in Arizona is the fact that EPNG itself provided notice of this suit to the State of Arizona, but failed to provide any notice of this suit to the District of Columbia. *See* Amended Complaint ¶ 112. The RCRA citizen suit provision plainly provides that pre-suit notice must be provided to the State in which alleged violations occurred. *See* 42 U.S.C. § 6972(b)(1)(A)(ii).[7/] Thus, to the extent that EPNG alleges for the first time in its Amended Complaint that some alleged violations occurred in the District of Columbia, it is conceding it failed to comply with pre-suit notice requirements with respect to such alleged violations.

## II.    THE PENDENT VENUE DOCTRINE DOES NOT APPLY

EPNG's Amended Complaint additionally includes (1) an APA claim challenging an alleged DOE action under UMTRCA (Amended Complaint ¶¶ 88-102) for which venue is available under the general venue provision, and (2) a nondiscretionary duty citizen suit claim under 42 U.S.C. § 6972(a)(2) for which venue is available in either Arizona or the District of Columbia under the portion of the RCRA venue provision applicable to subsection (a)(2) claims. *See* 42 U.S.C. § 6972(a)(1).

EPNG may argue that this Court should retain the case by applying the doctrine of pendent venue. Under the doctrine of pendent venue, a federal court may in some instances exercise its discretion to hear claims for which venue is not otherwise proper in the interests of sound judicial economy, taking into account (1) whether the claims originate from a common nucleus of operative fact, (2) the existence of common issues of proof, and (3) the existence of

---

[7/] The term "State" is defined in RCRA to include the District of Columbia. 42 U.S.C. § 6903.

similar witnesses. *Boggs v. United States*, 987 F. Supp. 11, 17 (D.D.C. 1997). This doctrine, however, is not applicable to the instant case.

Applying the doctrine of pendent venue, claims governed by a general venue statute may be brought in the same district as a claim governed by a special venue statute where the claims share a common nucleus of operative fact and proof, and interests of sound judicial economy are furthered. *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d at 999. However, "the converse is not true." *Id.*, 279 F. Supp. 2d at 999. Where claims are governed by a special venue statute, such claims may be brought only in a district specified by the special venue statute. *Id.* "This is so because congressional intent to limit the available districts is clear and cannot be circumvented." *Id.*

This Court has repeatedly applied this rule and refused to apply pendent venue to override Congress' direction in a special venue statute. *See Jyachosky v. Winter*, No. Civ. A. 04-01733, 2006 WL 1805607, at *4 & n.3 (D.D.C. June 29, 2006) (holding that Court "is compelled" to abide by restrictions in Title VII special venue statute and could not find pendent venue based on presence of other claims with venue available under the general venue statute); *Boggs v. United States*, 987 F. Supp. at 17-19 (rejecting exercise of pendent venue over Federal Tort Claims Act ("FTCA") claim because "[t]o permit pendent venue on the facts of this case would place this court in the position of circumventing otherwise clear congressional intent as to where FTCA claims are to be heard"); *Bartel v. Federal Aviation Admin.*, 617 F. Supp. 190, 197-98 & n.33 (D.D.C. 1985) (holding Court "lacks the authority" to ignore congressional intent to limit venue in which Title VII actions may be brought by finding pendent venue).

This Court's decision in *Jyachosky*, for example, is instructive. In *Jyachosky*, plaintiffs

brought discrimination claims under Title VII of the Civil Rights Act of 1964 along with claims under the Age Discrimination in Employment Act ("ADEA"). The Court found that a special venue provision governed Title VII claims, and that plaintiffs had failed to establish venue for the Title VII claims on any of the available grounds under that special venue provision. 2006 WL 1805607, at *2-3. The plaintiffs argued that the Court should nonetheless exercise pendent venue over the Title VII claims because the District of Columbia was a proper venue for Jyachosky's ADEA claims pursuant to the general venue statute. The Court rejected this argument, explaining that where Congress "clearly limited the scope of venue" through a special venue statute, "the Court *is compelled* to abide by such restrictions." 2006 WL 1805607, at *4 & n.3 (emphasis added) (citing *Bartel v. Fed. Aviation Admin.*, 617 F. Supp. at 198 n.33).

      The RCRA special venue statute at issue in this case, like the special venue statutes in Title VII and the FTCA, specifies the one district where EPNG's RCRA citizen suit subsection (a)(1)(A) and (a)(1)(B) claims may be brought. Thus, as in *Jyachosky*, *Bartel*, and *Boggs*, the doctrine of pendent venue cannot be applied here to undermine Congress' specific direction. That is, EPNG cannot circumvent the RCRA special venue provision by combining its RCRA citizen suit subsection (a)(1)(A) and (a)(1)(B) claims against all Defendants with an APA claim against DOE that could otherwise be brought in this Court pursuant to the general venue statute. Likewise, EPNG cannot circumvent Congress' specific direction by combining its subsection (a)(1)(A) and (a)(1)(B) claims against all Defendants with a nondiscretionary claim against EPA under subsection (a)(2), 42 U.S.C. § 6972(a)(2).[8/]

---

[8/]  It should be noted Arizona is a proper venue for all of Plaintiffs' claims, including Plaintiffs' APA claim and Plaintiffs' nondiscretionary duty claim against EPA. Therefore, dismissal of this
(continued...)

EPNG's self-serving characterization in its Amended Complaint of its APA claim as its "primary" claim has no bearing on the venue analysis. *See* Amended Complaint ¶ 8. A plaintiff must establish venue for each cause of action. *Mondaressi v. Vedadi*, 441 F. Supp. 2d at 53. Moreover, many of the Federal Defendants in this case, including the Department of Interior, the Department of Health and Human Services, and the Department of Defense, are only subject to RCRA claims. In addition, any discovery or trial on the claims asserted in the Amended Complaint will solely address asserted RCRA claims, as judicial review of APA claims is based upon an administrative record. *American Coke & Coal Chems. Inst. v. EPA*, 452 F.3d 930, 945 (D.C. Cir. 2006).

### III. THIS CASE SHOULD BE RESOLVED IN THE FORUM WHERE THE ENDANGERMENT IS ALLEGED TO EXIST

Even assuming that the doctrine of pendent venue were applicable, public and private interest considerations would still strongly favor transfer of the case to the District of Arizona pursuant to 28 U.S.C. § 1404(a). This case involves an alleged endangerment in Arizona and directly affects residents of Arizona, including members of the Navajo and Hopi Tribes. *See* Amended Complaint ¶ 1 (identifying sites on or near Navajo and Hopi Reservations where waste has allegedly been disposed). This Court has made clear in numerous cases that the interests of justice are promoted when a localized controversy is resolved in the region that it impacts. *See National Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (transferring case to Florida where case was local to Florida and one in which Florida and its residents have a great

---

[8]/(...continued)
suit will not result in any venue gap. *See Boggs v. United States*, 987 F. Supp. at 19 (distinguishing exceptional case where dismissal would prevent venue from being established in any court).

interest); *Valley Community Preservation Comm'n v. Mineta*, 231 F. Supp. 2d 23, 47 (D.D.C. 2002) (granting motion for change of venue in part because "the resolution of this action will have its most profound impact on New Mexico residents who live in the area of the proposed [highway] construction project"); *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 26 (D.D.C. 2000) (noting that "most persuasive factor" supporting transfer of venue to North Carolina was fact that "[p]laintiffs' allegations are far more likely to constitute a 'matter of great public concern' to the citizens of North Carolina than to the citizens of the District of Columbia") (citation omitted); *Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 3 n.5 (D.D.C. 1996) (noting importance of allowing local citizens to attend and observe proceedings); *Citizen Advocates For Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1240 (D.D.C. 1983) ("justice requires that . . . localized controversies should be decided at home"). Here, it cannot be seriously disputed that EPNG's claims all relate to an alleged endangerment in Arizona and most directly affect residents of Arizona, including members of the Navajo Nation and Hopi Pueblo tribes. *See* Amended Complaint ¶ 1. Thus, public interest considerations support transfer.

In addition, the vast majority of individuals who may have witnessed or participated in Federal Defendants' alleged actions handling waste in Arizona likely reside in or near Arizona and outside this Court's 100-mile subpoena range. *See* Fed. R. Civ. P. 45. The absence of compulsory process over a significant number of potential witnesses favors transfer. *DeLoach*, 132 F. Supp. 2d at 25. Even if such witnesses were willing to travel voluntarily to appear in court in the District of Columbia, it would clearly be more convenient for them to testify in Arizona. *See id*. at 26 (noting that "[t]he relative convenience of the parties' witnesses is a factor

of particular importance in deciding motions to transfer").

In short, EPNG's Amended Complaint should either be dismissed or transferred to the United States District Court for the District of Arizona.

## CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 12(b)(3), the case should be dismissed for improper venue. Alternatively, pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), the case should be transferred to the United States District Court for the District of Arizona.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources
        Division
U.S. Department of Justice


           /s/
ERIC G. HOSTETLER, Attorney
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C.  20026-3986
(202) 305-2326

July 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EL PASO NATURAL GAS COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>) | Civ. Action No. 07-cv-00905 (RJL) |

**[proposed] ORDER**

Upon consideration of Defendants' Motion to Dismiss for Improper Venue and for good cause shown, it is hereby ORDERED that Plaintiffs' Amended Complaint shall be dismissed for improper venue.


DATED: _____                    _____
                                  Richard J. Leon
                                  United States District Judge