IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EL PASO NATURAL GAS COMPANY**, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **UNITED STATES OF AMERICA**, et al., § <br> § <br> Defendants. § <br> § <br> § <br> § | Civil Action No. 07-00905 RJL |

**JOINT MEET AND CONFER STATEMENT**
**AND**
**ACCOMPANYING MATERIAL AS REQUIRED BY CASE MANAGEMENT ORDER**

In accordance with the Case Management Order entered May 17, 2007 and Local Civil Rule 16.3(d), counsel for plaintiff El Paso Natural Gas Company ("EPNG") and counsel for all defendants (collectively, the "Defendants") hereby submit: (1) their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c); (2) the attached, alternative proposed scheduling orders reflecting the parties' disagreements; and (3) the attached one-page statement of the facts of the case and the statutory basis for all causes of action and defenses. Topics Listed in Local Civil Rule 16.3(c).

1.  <u>Dispositive Motions -- Rule 16.3(c)(1)</u>.

The Defendants have already filed a motion to dismiss or transfer regarding venue. EPNG has filed its opposition and the Defendants' reply is due the same day as this Joint Meet and Confer Statement.

EPNG states that that motion is not likely to dispose of this case. Defendants state the venue motion is likely to result in dismissal or transfer.

The parties jointly recommend that discovery and other matters should await decision on that motion.

Following any resolution of that motion other than dismissal, Defendants intend to file another dispositive motion raising jurisdictional issues including lack of standing, preclusion of judicial review of vicinity property designations under the Uranium Mill Tailings Radiation Control Act, and lack of final agency action under the Administrative Procedure Act.

2.    Joinder of Parties/Amendment of Pleadings/Stipulations – Rule 16.3(c)(2).

The parties believe that no deadline need be established for amending pleadings adding parties, and that although stipulations on some background matters may be possible, the parties are unlikely to be able to stipulate on any of the significant disputed factual or legal matters in this case.

3.    Assignment to Magistrate – Rule 16.3(c)(3).

The parties agree this case should not be assigned to a Magistrate Judge for all purposes.

4.    Settlement Possibility – Rule 16.3(c)(4).

The parties believe that until resolution of the Defendants' dispositive motions noted in paragraph 1 above, it is premature to assess settlement possibilities.

5.    Alternative Dispute Resolution – Rule 16.3(c)(5).

The parties believe that until resolution of the Defendants' dispositive motions noted in paragraph 1 above, it is premature to assess whether the case could benefit from ADR or what

steps should be taken to facilitate ADR.  Counsel, accordingly, have not yet had significant discussion with their clients about use of ADR in this case.

      6.      <u>Subsequent Dispositive Motions Including for Summary Judgment, Timing of Dispositive Cross-Motions – Rule 16.3(c)(6)</u>.

      i.      EPNG believes that the Defendants' forthcoming dispositive motion raising jurisdictional issues noted in paragraph 1 above should be filed within 30 days of resolution of the Defendants' pending venue motion.  EPNG believes that it may need discovery to respond to that motion, and if so EPNG's opposition should only be due after an appropriate period for such discovery.  If no discovery is needed EPNG's opposition should be due 45 days after service of the Defendants' motion and a reply due 20 days later.

Defendants believe that their dispositive motion raising jurisdictional issues noted in paragraph 1 above should be filed within 60 days after disposition of their pending venue motion, and that EPNG should need no discovery to respond to that motion.

      ii.      EPNG believes that, apart from and assuming denial of the Defendants' pending venue motion and forthcoming dispositive motion raising jurisdictional issues, one of EPNG's claims can be resolved by summary judgment after appropriate discovery.  That claim, set forth in Count I of the Amended Complaint, arises under the Uranium Mill Tailings Radiation Control Act, 42 U.S.C. § 7901 et seq. ("UMTRCA").  As EPNG explained in its opposition to the Defendants' pending venue motion, EPNG believes that the Count I UMTRCA claim is EPNG's primary claim in this suit.  The Court therefore should address that claim before addressing EPNG's other claims, set forth in Count II of the Amended Complaint, which arise under the Resource Conservation and Recovery Act, 42. U.S.C. § 6901 et seq. ("RCRA").  EPNG believes that resolution of the UMTRCA claim in EPNG's favor would likely resolve this case fully and

3

obviate the need to address EPNG's alternative RCRA claims. Accordingly, EPNG believes that if the Court does not grant EPNG's summary judgment motion on its UMTRCA claim, the Court should hold an evidentiary hearing limited to the UMTRCA claim and resolve that claim before addressing EPNG's RCRA claims on motions or at trial.

As noted further in paragraphs 7 and 8 below, EPNG believes that six months would be an appropriate period for the discovery it needs in order to prepare its summary judgment motion on the Count I UMTRCA claim. EPNG states it would file that motion 30 days after the completion of that discovery, and a response and reply should follow 45 days later and then another 20 days later. EPNG believes that a decision should be issued on its UMTRCA claim, either on summary judgment motion or following an evidentiary hearing, before the parties engage in the additional discovery and other proceedings pertaining to EPNG's RCRA claims.

   iii. Defendants believe that the dispositive jurisdictional motions noted in paragraph 1 above should be granted, and that no further proceedings in this Court will be necessary. Defendants do not believe EPNG requires discovery to respond to a motion to dismiss for lack of subject matter jurisdiction. If Defendants' dispositive motions are denied, Defendants agree that EPNG's UMTRCA claim can be resolved by summary judgment, but since this claim is brought under the Administrative Procedure Act ("APA") and challenges an agency action, the claim would be reviewed on an administrative record without need for either discovery or an evidentiary hearing. Defendants believe that it is premature to schedule briefing deadlines for this APA claim until jurisdictional issues are resolved. Defendants do not believe resolution of the APA claim will necessarily moot the RCRA claims and believe that it is premature to determine whether RCRA discovery should be postponed until resolution of the APA claim.

Defendants propose that the scheduling order provide that the parties may stipulate to suspend discovery on the RCRA claim until resolution of the APA claim

       7.       Initial Disclosures – Rule 16.3(c)(7).

EPNG believes that initial disclosures should be made by the parties in accordance with Rule 26(a)(1) 30 days after resolution of the Defendants' pending motion to dismiss or transfer for improper venue. The exemption cited by Defendants is inapplicable, both because there is no administrative record for EPNG's UMTRCA claim and there would not be such a record for EPNG's RCRA claim.

Defendants believe that initial disclosures are not required for EPNG's APA/UMTRCA claim pursuant to Local Rule 16.3(b)(1) because it is an action for review on an administrative record. Defendants believe that initial disclosures for EPNG's RCRA claims should not be required until after Defendants' jurisdictional motions have been resolved and Defendants have filed a responsive pleading setting forth any counterclaims.

Discovery – Rule 16.3(c)(8).

EPNG's position: As noted above, EPNG may need some discovery to respond to Defendants' forthcoming dispositive motion raising jurisdictional issues, and will need discovery before preparing its own motion for summary judgment on its UMTRCA claim. Such discovery is appropriate because there is no administrative record. If the Court does not grant that summary judgment motion, and does not rule in EPNG's favor on its UMTRCA claim following the evidentiary hearing noted in paragraph 6 above, EPNG will and Defendants may need additional discovery in order to prepare for trial on EPNG's RCRA claim. In addition to the six month discovery period noted in paragraph 6 above, which should occur prior to the filing of EPNG's summary judgment motion on its UMTRCA claim, if the Court does not grant that

5

motion or rule in EPNG's favor on its UMTRCA claim following an evidentiary hearing, then an additional six months of discovery would be appropriate, during which all necessary additional fact and expert discovery should be completed.

Defendants' position: Defendants believe that the dispositive jurisdictional motions noted in paragraph 1 above should be granted, and therefore no discovery will be needed in this case. In addition, Defendants believe that no discovery will be needed for EPNG's APA/UMTRCA claim, because it is a claim that would be reviewed based upon an administrative record. Defendants believe that it is premature to set a schedule for discovery on EPNG's RCRA claims, and Defendants' anticipated counterclaims under RCRA, until resolution of Defendants' dispositive jurisdictional motions.

8. <u>Experts – Rule 16.3(c)(9)</u>.

ENPG believes that the only necessary modification to the requirements of Rule 26(a)(2), F.R.Civ.P., is that the parties should be required to submit a report in accordance with Rule 26(a)(2)(B) for each person not otherwise described in that Rule (*i.e.*, not a person "retained or specially employed or whose duties as an employee of the party regularly involve giving expert testimony") who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants believe that no modifications to the requirements of Rule 26(a)(2) should be made at this time.

9. <u>Class Action Issues – Inapplicable</u>.

10. <u>Bifurcation of Discovery or Trial – Rule 16.3(c)(11)</u>.

EPNG's proposals for management of discovery and motions practice in phases, and the Federal Defendants' positions on those proposals, are set forth above in paragraphs 6 through 8 above.

11. <u>Pretrial Conference – Rule 16.3(c)(12)</u>.

EPNG believes the Court should, within 60 days prior to the close of discovery, schedule a pretrial conference to be held within 60 days after the close of discovery.

Defendants believe that no pretrial conference date should be set at this time.

12. <u>Trial Date – Rule 16.3(c)(13)</u>.

The parties agree that the Court should not set a trial date at the first scheduling conference.

EPNG believes the Court should set a date for any needed evidentiary hearing on EPNG's UMTRCA claim as soon as possible after resolution of dispositive motions on that claim. EPNG also believes that if resolution of that claim does not resolve this case, then the Court should, at the pretrial conference, establish a trial schedule with trial to commence 30 to 60 days after the pretrial conference

Defendants believe the dispositive jurisdictional motions noted in paragraph 1 should be granted, and that no evidentiary hearing will be needed on EPNG's APA/UMTRCA claim.

13. <u>Other Matters – Rule 16.3(c)(14)</u>.

The parties agree there are no other matters appropriate for inclusion in a scheduling order at this time.

I. <u>Proposed Scheduling Order</u>.

Attached as enclosures 1 and 2 are alternative proposed scheduling orders reflecting the parties' disagreements.

II.     One-Page Statement of Facts and Statutory Basis for Claims and Defenses.

Attached as enclosure 3 is a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses.

Dated this 10th day of October 2007.

Respectfully submitted,

| | |
|---|---|
| Ronald J. Tenpas<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division<br><br>   /s/   <br>Eric G. Hostetler, Attorney<br>D.C. Bar No. 445917<br>Environmental Defense Section<br>United States Department of Justice<br>P.O. Box 23986<br>Washington, D.C.  20026-3986<br>202.305.2326 |    /s/   <br>Jerry Stouck, D.C. Bar No. 343400<br>Robert L. Shapiro, D.C. Bar No. 415854<br>GREENBERG TRAURIG, LLP<br>800 Connecticut Avenue, N.W., #500<br>Washington, DC  20006<br>202.331.3100<br><br>Thomas L. Sansonetti, D.C. Bar No. 949610<br>HOLLAND & HART, LLP<br>2515 Warren Avenue, Suite 450<br>Cheyenne, Wyoming  82001<br>307.778.4200<br><br>William G. Myers III, D.C. Bar No. 408573<br>HOLLAND & HART, LLP<br>U.S. Bank Plaza<br>101 S. Capitol Boulevard, Suite 1400<br>Boise, Idaho  83702<br>208.342.5000<br><br>David G. Palmer<br>Brian L. Duffy<br>Naomi G. Beer, D.C. Bar No. 450875<br>Christopher J. Neumann, D.C. Bar No. CO0044<br>GREENBERG TRAURIG, LLP<br>The Tabor Center<br>1200 Seventeenth Street, Twenty-Fourth Floor<br>Denver, Colorado  80202<br>303.572.6500 |

**Attachment 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EL PASO NATURAL GAS COMPANY**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 07-00905  RJL |
| **UNITED STATES OF AMERICA**, et al., | § § § | |
| Defendants. | § § § § | |

**PLAINTIFF EPNG'S PROPOSED SCHEDULING ORDER**

In accordance with the Case Management Order entered May 17, 2007 and Local Civil Rule 16.3(d), plaintiff El Paso Natural Gas Company ("EPNG") hereby submits this proposed scheduling order.  Defendants (collectively, the "Defendants"), in accordance with that Order and that Rule, are submitting an alternative proposed order.  The separate proposed orders reflect disagreements between the parties.

It is hereby ORDERED:

1. <u>Defendants' Dispositive Motion Raising Jurisdictional Issues</u>.

Defendants' dispositive motion raising jurisdictional issues, mentioned in the parties' Joint Meet and Confer Statement, shall be due 30 days after the date ("Venue Decision Date") the Court rules on Defendants' pending motion to dismiss or transfer for improper venue.

EPNG's response shall be due 45 days later, unless EPNG needs discovery prior to responding, in which case EPNG's response shall be filed not later 30 days after such discovery is completed. Defendants' reply shall be due 20 days after service of EPNG's response.

2. <u>Initial Disclosures</u>.

All parties shall make initial disclosures in accordance with Rule 26(a)(1) not later than 30 days after the Venue Decision Date.

3. <u>Discovery</u>.

Any party may seek discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules commencing 30 days after the Venue Decision Date. Upon filing by EPNG of a motion for summary judgment on the claim set forth in Count I of the Amended Complaint, discovery shall generally be suspended until that claim is resolved, either upon motion or following an evidentiary hearing as provided in paragraph 6 below. If the Court does not rule in EPNG's favor on that claim, then from the date of the Court's final ruling on the claim discovery shall resume and continue for a period of six more months, unless the Court for good cause shown extends the date for completion of discovery.

Neither party shall object to a discovery request on the ground that it could have been made earlier during discovery or that discovery of a similar type, and/or directed to the same person or entity, was sought and obtained previously during discovery.

Prior to the commencement of discovery the parties shall jointly propose a form of confidentiality protective order.

4. <u>Subsequent Dispositive Motions Including for Summary Judgment</u>.

Any motion by the EPNG for summary judgment on Count I of the Amended Complaint shall be filed within 45 days after the completion of six months of discovery, unless the Court for

good cause shown extends that date. Defendants' response to such motion as well as any cross-motion on Count I shall be due 45 days after service of EPNG's motion, EPNG's reply and response on any cross-motion shall be due 30 days after service of Defendants' response/cross-motion and Defendants' reply on any cross-motion shall be due 20 days after service of EPNG'S reply/response.

Except as otherwise provided in this Order, any party may file a motion for summary judgment or to dismiss at any time prior to 90 days before trial and briefing on any such motion shall proceed in accordance with the Local Civil Rules.

5. <u>Expert Reports Required For All Expert Testimony</u>.

The parties shall submit a report in accordance with Rule 26(a)(2)(B) for each person not otherwise described in that Rule (*i.e.*, not a person "retained or specially employed or whose duties as an employee of the party regularly involve giving expert testimony') who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

6. <u>Evidentiary Hearing on Count I, Pretrial Conference and Trial</u>.

Promptly after resolution of any motion(s) for summary judgment on Count I of the Amended Complaint, and if an evidentiary hearing on that Count is then necessary, the Court will schedule such a hearing to be held as soon as possible.

The Court intends, prior to the close of discovery, to schedule a pretrial conference to be held not later than 60 days after the close of discovery. On or about 60 days prior to the close of discovery the parties shall jointly request that the Court schedule a pretrial conference in accordance with this paragraph. The trial schedule shall be established at the pretrial conference, with trial to commence 30 to 60 days after the pretrial conference.

7. <u>Federal and Local Civil Rules Generally Applicable</u>.

Except as otherwise provided in this Order, discovery and other proceedings in this action shall be governed by applicable provisions of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.


Dated: _____


                                                                                                                _____
                                                                                                                Richard J. Leon
                                                                                                                United States District Judge

**Attachment 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EL PASO NATURAL GAS COMPANY**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 07-00905  RJL |
| **UNITED STATES OF AMERICA**, et al., | § § § | |
| Defendants. | § § § § | |

### FEDERAL DEFENDANTS PROPOSED SCHEDULING ORDER

In accordance with the Case Management Order entered May 17, 2007 and Local Civil Rule 16.3(d), Defendants United States of America et al. hereby submit this proposed scheduling order.  Plaintiff El Paso Natural Gas Company, in accordance with that Order and that Rule, is submitting an alternative proposed order.  The separate proposed orders reflect disagreements between the parties.

It is hereby ORDERED:

1. Defendants' Venue Motion

All proceedings in this case are held in abeyance pending this Court's decision on Defendants' pending motion to dismiss for improper venue, or in the alternative, to transfer.

2. Defendants' Dispositive Motion Raising Jurisdictional Issues.

In the event that Defendants' pending motion to dismiss for improper venue, or in the alternative, to transfer, is denied, Defendants shall file a dispositive motion raising

any jurisdictional issues within 60 days after the date ("Venue Decision Date") the Court rules on the motion.  EPNG's response shall be due 45 days later.  Defendants' reply shall be due 30 days after service of EPNG's response.

    3.    <u>Defendants' Responsive Pleading</u>

In the event that Defendants' dispositive motions listed in paragraphs 1 and 2 above are denied, Defendants' shall file an answer and any counterclaims within 45 days of the date of the decision on Defendants' motion raising jurisdictional issues.

    4.    <u>Initial Disclosures</u>.

Initial disclosures are not required for EPNG's claim under the Administrative Procedure Act ("APA").   All parties shall make initial disclosures in accordance with Rule 26(a)(1) with respect to EPNG's Resource Conservation and Recovery Act ("RCRA") claims and any counterclaims not later than 45 days after Defendants' file an answer.

    5.    <u>Discovery</u>.

No discovery shall be allowed prior to resolution of the dispositive motions to dismiss listed in paragraphs 1 and 2 above.  Discovery on EPNG's RCRA claims and any counterclaims Defendants may assert may commence 45 days after Defendants file an answer.  The parties may stipulate to suspend discovery on the RCRA claims until resolution of EPNG's APA claim by motion for summary judgment.  Discovery shall not be allowed with respect to EPNG's APA claim.  No deadline for completion of discovery shall be set at this time.  Defendants need not produce documents that have already been produced to EPNG pursuant to Freedom of Information Act requests.

3

      6.    <u>Pretrial Conference and Trial</u>

No pretrial conference or trial date shall be set at this time.

Dated: _____

                                                  _____
                                                Richard J. Leon
                                                United States District Judge

**Attachment 3**

Case 1:07-cv-00905-RJL     Document 13-4     Filed 10/10/2007     Page 1 of 2

ONE-PAGE STATEMENT
OF FACTS AND THE STATUTORY BASIS FOR ALL CLAIMS AND DEFENSES

This case involves several sites (the "Properties") near Tuba City, Arizona. EPNG alleges that the Properties are contaminated with residual radioactive waste from a uranium processing mill (the "Mill") that was operated for the federal government in the 1950's and 1960's as part of the Cold War weapons program.  Plaintiff El Paso Natural Gas Company ("EPNG") alleges that the federal government has legal responsibility for remediating the Properties and managing the waste, either under the Uranium Mill Tailings Radiation Control Act, 42 USC § 7901 et seq. ("UMTRCA") or under the Resource Conservation and Recovery Act, 42 USC § 6901 et seq. ("RCRA").

EPNG alleges the government wrongfully failed to designate the Properties as "vicinity properties" under UMTRCA, 42 USC § 7912(e)(3)(B), and that decision is actionable under the Administrative Procedures Act, 5 USC § 706.  EPNG's RCRA" claim is a citizen suit under 42 USC § 6972 alleging myriad government violations of RCRA and that the government contributed to an imminent, substantial endangerment to health or the environment.

Defendant federal agencies and officials ("Defendants") contend that this is an improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Defendants further contend that EPNG lacks Article III standing to maintain suit.  Defendants additionally contend that EPNG's APA claim must be dismissed because, *inter alia*, UMTRCA precludes judicial review, 42 U.S.C. § 7912(d), EPNG has failed to identify any "final agency action" within the meaning of 5 U.S.C. § 704, and DOE's authority under UMTRCA has expired pursuant to 42 U.S.C. § 7922(a).